IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TRAVELPRO INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PAK INTERNATIONAL, INC., a California corporation,<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Travelpro International, Inc. ("Travelpro" or "Plaintiff"), files this Complaint for Damages and Injunctive Relief against Defendant, California Pak International, Inc. ("Cal-Pak" or "Defendant"), and states:

## GENERAL ALLEGATIONS

### Nature of the Action

1. Travelpro is a top-quality luggage designer, importer and distributor which markets and sells, among other brands, a luggage line using the registered trademark "GRAPHITE." This is an action for damages and injunctive relief by Travelpro against Cal-Pak, a luggage manufacturer, distributor and retailer, for its unlawful marketing and sale of "knock-off" versions of Travelpro's GRAPHITE luggage products. As set forth herein, Cal-Pak's misconduct: (a) violates the Lanham Act, 15 U.S.C. §§ 1051 et seq.; (b) constitutes Florida common law trademark infringement; and (c) constitutes Florida common law unfair competition. Travelpro seeks injunctive relief and damages to remedy the harm Cal-Pak has caused and to prevent such harm from continuing in the future.

{25334540;6}

## The Parties, Jurisdiction and Venue

2. Travelpro is a Delaware corporation with its principal place of business in Boca Raton, Florida.

3. Cal-Pak is a California corporation with its principal place of business in Compton, California.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Cal-Pak and venue is proper in this Judicial District because Cal-Pak and its down-the-line distributors have offered the infringing products for sale via the Internet, and, upon information and belief, the infringing products have been sold within the State of Florida and within this Judicial District.

## Statement of Facts

6. Travelpro is a leading designer, importer and distributor of high-quality travel products, including several lines of luggage and travel accessories which are sold to consumers throughout the United States and internationally.

7. Travelpro has designed and sold a series of luggage products under the GRAPHITE mark (the "GRAPHITE Mark"), which products have become well-known and highly regarded by consumers. As a result, Travelpro's GRAPHITE brand has secured a reputation as a premier luggage line. Travelpro's GRAPHITE products have become widely known and popular among consumers.

8. Travelpro's GRAPHITE Mark is registered with the United States Patent and Trademark Office, Supplemental Register, as U.S. Federal Reg. No. 3,270,400 and is entitled to

all of the benefits thereof. Such registration is valid, subsisting and in full force and effect. A copy of the registration is attached hereto as Exhibit "A."

9. Travelpro has continuously used the GRAPHITE Mark in commerce in connection with the sale of luggage products for more than seven (7) years. During that time period, Travelpro sold more than 180,000 units of GRAPHITE branded products, generating more than $11,000,000 in sales.

10. Travelpro has invested significantly in the promotion of its GRAPHITE Mark through advertising and marketing efforts such that the brand has become unequivocally associated in the minds of the consuming public and the trade with Travelpro and its products.

11. Travelpro has been and is now engaged in the business of designing, importing, distributing, marketing and selling luggage bearing the GRAPHITE Mark in interstate commerce and internationally.

12. At all times, Travelpro's use of the GRAPHITE Mark has been uninterrupted and continuous.

13. As a result of Travelpro's uninterrupted and continuous use of the GRAPHITE Mark and the marketing and development of the GRAPHITE brand for several years, the GRAPHITE brand and the GRAPHITE Mark have acquired strong secondary meaning and substantial goodwill.

14. As set forth herein, Cal-Pak has unlawfully marketed and sold luggage products bearing the GRAPHITE Mark which products were not designed, distributed, licensed, or authorized by Travelpro (the "GRAPHITE Knock-offs"). Product labeling and photographs featuring samples of the GRAPHITE Knock-offs are attached hereto as Composite Exhibit "B."

15.     Cal-Pak has sold the GRAPHITE Knock-offs in commerce utilizing third-party retailers which, upon information and belief, obtained such products from Cal-Pak.

16.     Cal-Pak's actions in marketing and selling the GRAPHITE Knock-offs are of a nature likely to deceive and cause confusion among the public and the luggage industry regarding the true source, origin, nature, characteristics and qualities of the products advertised, promoted, marketed and sold by Cal-Pak.

17.     Cal-Pak's actions were and are likely to cause confusion, mistake, and/or deceive others regarding the affiliation, connection or association of the GRAPHITE Knock-offs with Travelpro and its products.  By way of example, numerous Internet websites continue to use the term "Graphite" to refer to Cal-Pak's luggage products as evidenced by the "Google" search printout page attached hereto as Exhibit "C."

18.     Cal-Pak has used the channels of interstate commerce in connection with its false, misleading, and deceptive labeling and marketing.  Cal-Pak products bearing the designation "GRAPHITE" have been advertised, sold and/or distributed within the State of Florida and within this Judicial District.

19.     All conditions precedent to the filing of this action have occurred or have been waived or excused.

20.     Travelpro has retained the undersigned law firm to represent it in this action and is obligated to pay the firm its reasonable attorneys' and paralegals' fees, expenses, and costs incurred in this action.

## COUNT I
### (Violations of 15 U.S.C. § 1114 – Trademark Infringement)

21.     Travelpro hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 20, above, as if fully set forth herein.

22. Cal-Pak's unauthorized use in interstate commerce of the GRAPHITE Mark in the labeling, advertising, marketing and sale of its competitive products constitutes infringement of Travelpro's federally registered GRAPHITE Mark in violation of 15 U.S.C. § 1114.

23. Cal-Pak's infringement of Travelpro's federally registered GRAPHITE Mark described herein is deliberate and willful.

24. Cal-Pak's acts complained of herein have caused and will continue to cause confusion, mistake, or deception for consumers and the luggage industry in violation of 15 U.S.C. § 1114.

25. Cal-Pak's wrongful conduct has damaged Travelpro, and Travelpro has no adequate remedy at law.  Unless Cal-Pak's further improper use of the GRAPHITE Mark in commerce as set forth in this Count I is restrained and enjoined by this Court, such infringement will continue and will result in continuing and irreparable damage to Travelpro.

26. Cal-Pak's unauthorized use of Travelpro's GRAPHITE brand as described herein is intentional, thereby warranting the imposition of treble damages and attorneys' fees pursuant to U.S.C. § 1117(b).

27. Cal-Pak's actions amount to "exceptional" conduct warranting imposition of an award of attorneys' fees and costs pursuant to U.S.C. § 1117(a)(3).

## COUNT II
### (Violations of 15 U.S.C. § 1125(a) – Unfair Competition)

28. Travelpro hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 20, and 26 and 27 above, as if fully set forth herein.

29. The GRAPHITE Mark has become uniquely associated with Travelpro and thus identifies Travelpro as a source of origin.

30. Cal-Pak's use of the GRAPHITE Mark in interstate commerce without Travelpro's consent or approval constitutes false designation of origin, which is likely to cause confusion, mistake or deception as to Cal-Pak's affiliation, connection, or association with Travelpro and/or as to the origin, sponsorship or approval of Cal-Pak's goods by Travelpro, all in violation of 15 U.S.C. § 1125(a).

31. The acts of Cal-Pak complained of herein also constitute an intentional attempt to trade on the goodwill which Travelpro has developed, and to pass off Cal-Pak's goods as those of Travelpro, all to the detriment of Travelpro.

32. Cal-Pak's wrongful conduct has damaged Travelpro and Travelpro has no adequate remedy at law.  Unless Cal-Pak's further improper use of the GRAPHITE Mark in commerce as set forth in this Count II is restrained and enjoined by this Court, such infringement will continue and will result in continuing and irreparable damage to Travelpro.

## COUNT III
### (Florida Common Law Trademark Infringement)

33. Travelpro hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 20 above, as if fully set forth herein.

34. Travelpro owns a Florida common law trademark with respect to the term "GRAPHITE," and has used the same in commerce prior to Cal-Pak's distribution, and/or sale of the GRAPHITE Knock-offs.

35. Upon information and belief, Cal-Pak has been selling the GRAPHITE Knock-offs to customers in the same geographic areas where Travelpro sells its products legitimately bearing the GRAPHITE Mark.

36. The GRAPHITE Knock-offs sold by Cal-Pak are confusingly similar to the luggage sold by Travelpro under the GRAPHITE Mark, and are likely to cause confusion and/or mistake, or to deceive consumers in violation of Florida common law.

37. Travelpro has not authorized or given consent to Cal-Pak to market and sell the GRAPHITE Knock-offs.

38. Unless Cal-Pak's further improper use of the GRAPHITE Mark in commerce is restrained and enjoined by this Court, such infringement will continue and will result in continuing and substantial damage to Travelpro.

39. Cal-Pak's wrongful conduct has damaged Travelpro, and Travelpro has no adequate remedy at law. As a result of Cal-Pak's reckless disregard and/or malicious and intentional infringement and unfair competition as set forth in this Count III, Travelpro is entitled to injunctive relief, actual damages (general and special) and punitive damages against Cal-Pak.

## COUNT IV
### (Florida Common Law Unfair Competition)

40. Travelpro hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 20 above, as if fully set forth herein.

41. The acts of Cal-Pak complained of herein constitute unfair methods of competition and unfair or deceptive trade practices in violation of the common law of Florida.

42. Travelpro has not authorized or given consent to Cal-Pak to market and sell the GRAPHITE Knock-offs as described herein.

43. Cal-Pak's wrongful conduct has damaged Travelpro, and Travelpro has no adequate remedy at law. Unless Cal-Pak's improper use as set forth in this Count IV is restrained and enjoined by this Court, Cal-Pak's infringement of the GRAPHITE Mark will continue, and the resulting damage to Travelpro will be substantial, continuing, and irreparable.

44.     As a result of Cal-Pak's reckless disregard and/or malicious and intentional unfair competition, Travelpro is entitled to injunctive relief, actual (general and special) damages and punitive damages against Cal-Pak.

## **COMBINED PRAYER FOR RELIEF**

WHEREFORE, Travelpro requests the Court enter judgment against Cal-Pak and in Travelpro's favor as follows:

A.  Ruling that Cal-Pak's activities are unlawful under Federal and Florida law;

B.  Awarding actual damages to compensate Travelpro for its loss of customers, damage to its business reputation and lost sales and profits caused by Cal-Pak's unlawful conduct;

C.  Awarding Travelpro an amount equal to Cal-Pak's profits attributable to its unlawful conduct;

D.  Awarding Travelpro treble damages as a consequence of Cal-Pak's willful infringement in violation of the Lanham Act;

E.  Awarding Travelpro punitive damages in an amount appropriate to punish Cal-Pak for its willful misrepresentations and/or reckless disregard of Travelpro's rights, and to deter Cal-Pak and others from engaging in such misconduct in the future;

F.  Injunctive relief:

  1.  Ordering Cal-Pak immediately to cease and desist from engaging in any further acts of trademark infringement and unfair competition with regard to the GRAPHITE Mark, including without limitation all marketing, promotion, advertising, distribution and sale, Internet keyword search, metatags, adwords, or other identifiers incorporating the GRAPHITE Mark, and to remove or seek to have removed by third parties any and all Internet references to the GRAPHITE Mark used in combination with Cal-Pak products;

  2.  Ordering Cal-Pak to identify all persons or entities from whom it has obtained any GRAPHITE Knock-off, products, including without limitation, any manufacturers, vendors, suppliers or distributors;

  3.  Ordering Cal-Pak to produce all paperwork, documentation and other materials Cal-Pak used to manufacture or otherwise obtain the

    GRAPHITE Knock-offs, including without limitation, invoices, purchase orders, pricing sheets, receipts, inventory sheets and delivery orders;

4. Ordering Cal-Pak to identify all customers (retailers and end users) to whom it has sold or delivered any GRAPHITE Knock-off and the quantities sold;

5. Ordering an immediate recall by Cal-Pak with respect to all GRAPHITE Knock-offs to remove all such products from sale in commerce by Cal-Pak, and by any of its down-the-line retailers or resellers;

6. Ordering the immediate return of all GRAPHITE Knock-offs and any related advertising or promotional materials in Cal-Pak's possession, custody or control, or, alternatively, ordering Cal-Pak to destroy all GRAPHITE Knock-offs and any related advertising or promotional materials and to certify such destruction to Travelpro; and

7. Ordering Cal-Pak immediately to cease and desist from assisting, aiding or abetting any third person or entity from marketing, promoting, advertising, distributing or selling any GRAPHITE Knock-offs or any similarly confusing product.

G. Awarding Travelpro its attorneys' and paralegals' fees and costs pursuant to 15 U.S.C. § 1117 or otherwise; and

H. Awarding Travelpro such other relief that the Court deems just and proper.

Dated this 12th day of December, 2012.

             AKERMAN SENTERFITT
             Attorneys for Plaintiff
             222 Lakeview Avenue
             Esperanté – Suite 400
             West Palm Beach, Florida  33401
             Telephone:  (561) 653-5000
             Facsimile:  (561) 659-6313

             By: /s/ Christopher S. Duke
              CHRISTOPHER S. DUKE
              Fla. Bar No. 0901740
              chris.duke@akerman.com
              JENNIFER PARKINS RABIN
              Fla. Bar No. 0965642
              jennifer.rabin@akerman.com